IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | CASE NO. 1:00-CR-119-03 |
| v. | : | |
| | : | (Judge Kane) |
| **JOHN WATSON,** | : | |
|       **Petitioner** | : | |
| | : | |

## ORDER

     Before this Court is Petitioner's Motion to Request Production of Transcripts, seeking to compel the Government or Court Reporter to produce the closing argument portion of his November 27, 2000 trial transcript. (Doc. No. 288.)

     In support of his motion, Petitioner argues that the Court failed to timely provide a transcript of the closing arguments delivered at his bench trial. This is untrue. Following a bench trial held November 21-27, 2000 before this Court, the Court found Petitioner guilty as to Count VII of the indictment for delivery of crack cocaine in excess of fifty grams. On January 22, 2001, Petitioner filed a Authorization and Voucher for Payment of Transcript CJA Form 24, seeking a transcript of the November 27, 2000 proceedings, "excluding closing arguments." (Doc. No. 178.) The Court approved this request and a transcript, sans closing arguments, was prepared for Petitioner at the expense of the United States. (Id.) Accordingly, contrary to Petitioner's position, the Court did not fail to make the full transcript available to Petitioner. Rather, Petitioner explicitly chose to exclude the closing arguments in his CJA Form 24 request. (Doc. No. 178.)

     The issue of whether or not a transcript should be ordered at government expense is one committed to the Court's discretion, and the Court should look to the petitioner's demonstration of

necessity when deciding whether the government should bear the significant cost of ordering a transcript. See U.S. v. Banks, 369 F. Supp. 951, 953 (M.D. Pa. 1974); cf. Walker v. People Express Airlines, Inc., 886 F.2d 598, 600 (3d Cir. 1989). Petitioner has already unsuccessfully appealed his conviction to the Third Circuit Court of Appeals and petitioned this Court for a writ of habeas corpus pursuant to 28 U.S.C. § 2255. Petitioner does not state why a transcript of the closing arguments is necessary at this late stage. Moreover, a motion to compel the Government or Court Reporter is the improper avenue for requesting transcripts. However, in the interest of judicial economy, the Court will provide Petitioner with a copy of the November 27, 2000 closing arguments at no cost.

**AND NOW**, this 21st day of April, 2005, for the foregoing reasons, **IT IS HEREBY ORDERED THAT** Petitioner's motion to request production of transcripts is **DENIED**. The Clerk of Court is directed to send a copy of Petitioner's November 27, 2000 closing arguments transcript to Petitioner along with this Order. **IT IS FURTHER ORDERED** that Petitioner's motion to request extension of time to file a Certificate of Appealability is **GRANTED**. Petitioner shall have until May 16, 2005, to file his Certificate of Appealability.

                                                  s/ Yvette Kane
                                                  Yvette Kane
                                                  United States District Judge