IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF PENNSYLVANIA

JOHN WILLIAM WATSON, petitioner

           v.

UNITED STATES OF AMERICA, respondent

Case No. 100-CR-119-03
(JUDGE KANE)

PETITION TO REDUCE SENTENCE
PURSUANT TO AMENDMENT 506 OF
U.S.S.G. (Retroactively Applicable)

INTRODUCTION

Comes now petitioner John William Watson pro se, and moves before this honorable court pursuant to rule 3582 (C)(2) of the Federal Rules of Procedure, petitioner seeks relief from this pursuant to Amendment 506 of the United States Sentencing Guidelines of which have been "clarified" and allows for retroactive applicability. [See Amend. 506 of U.S.S.G., 4B1.1 App. Note C Nov. 1, 2005, also U.S.S.G. 1B1.10 (a), (C). (retroactively applicable).

On November 1, 2005, the United States Sentencing Guidelines Commission Amendment 506 clarified the policy against double-counting and unwarranted sentencing disparities associated with the exercise of prosecutorial discretion when "seeking enhanced penalties based on prior convictions." This Amendment addressed a change to the application notes for U.S.S.G. 4B1.1, which addresses the Career Offender enhancement. [see U.S.S.G. App. C. Amen. 506.]

CASE BACKGROUND

The present case was commenced on April 12, 2000 by Indictment charging Larnell Morrison, Tom Elliot III, and John W. Watson with conspiracy to manufacture

1.

and deliver in excess of 50 grams or more of cocaine base. A superseding Indictment was filed on October 11, 2000 deleting Tom Elliot from the Indictment and adding the substantive count of distribution against the defendant John W. Watson. Watson pleaded not guilty and was tried without a jury before the Honorable Judge Yvette Kane on November 21, 22 and 27, 2000. Following the trial the defendant was acquitted of conspiracy count and found guilty of the substantive offense of delivery of cocaine base in excess of 50 grams. A pre-sentence report was filed on March 13, 2001, and a revised pre-sentence report was subsequently filed on April 10, 2001, defendant soon after was sentences to a term of 360 months imprisonment and a fine of $2,000.00.

## ARGUMENT OF THE CASE

Issue I: Petitioner Watson does benefit from Amendment 506 of U.S.S.G. SECTION 4B1.1 (Nov. 1, 2005)

The defendant Watson respectfully argues that the purpose of Amendment 506 and its implementation was to "clarify" section 4B1.1 (Career Offender) and to instruct the sentencing courts as to the manner or method of which to sentence a defendant of whom the government seeks to impose a sentence under this section rather than an improper method as a result of an <u>ambiguous</u> interpretation of either the statute and/or guidelines. The U.S.S.G. Amendment 506 states in relevant part:

"Guidelines Amendment 506 clarified the policy against double-counting and unwarranted disparities associated with the exercise of prosecutorial discretion when "seeking enhanced penalties based on prior convictions." This amendment addressed a <u>change</u> to the application notes for U.S.S.G. 4B1.1, which addressees the Career Criminal enhancement. Amendment 506 further provides that the "Offence Statutory Maximum,

for the purpose of this guideline refers to the maximum term of imprisonment authorized for the offense of conviction tat is a crime of violence or <u>controlled substance offense, not including</u> any increase in that maximum term under a sentencing enhancement provision that applies because of the defendants criminal record (such as sentencing enhancement provisions are contained, for example, in 21 U.S.C. 841 (b)(1)(A), (b)(1)(B), (b)(1)(C), and (b)(1)(D). For example, "where the statutory maximum term of imprisonment under 21 U.S.C 841 (B)(1)(C) is increased from twenty (20) years to thirty (30) years because the defendant has one or more qualifying <u>prior drug offenses,</u> the "Offense Statutory Maximum" for the purpose of this guideline is twenty (20) years and not thirty (30) years." [U.S.S.G. App. C. Amendment 506 (2005)]. Amendment 506 is retroactively applicable. See U.S.S.G. 1B1.10 (a), (c), also United State v. Dailey [page #2] 2006 U.S. App. LEXIS 13905 No. 06-10558, June 6, 2006.

Defendant Watson respectfully submits that in light of Amendment 506 of U.S.S.G. <u>clarifying</u> and <u>retroactive application</u> that he should be resentenced in accordance to its ruling. Petitioner Watson submits that because there was no application submitted by the Government in this instant matter that his sentence should properly be reduced pursuant to rule 18 U.S.C. 3592 (c)(2), and Amendment 50 of U.S.S.G. (2005).

The Petitioner Watson respectfully submits that after careful consideration of U.S.S.G. Amendment 506 (2005) that the <u>new</u> sentencing range that should be applied by this Honorable Court in this case should be consistent with the application of the statute and the guidelines as set forth in the aforementioned memorandum. Defendant Watson was originally sentenced under the Guidelines as a "Career Offender" under 4B1.1 because the career offender offense level (37) was higher than the base offense level (32).

Because there should not be any consideration made by the P.S.I. writer in regards to what the defendants sentence would be upon including his prior as explicitly stated in Amendment 506 (2005) the proper base offense level for defendant Watson remains at level 32. The guidelines provide that for an offense statutory maximum of "20 years or more, but less than 25 years," the base offense level under Career Offender section shall be 32.

See U.S.S.G. 4B1.1 (C). The base offense level for Career Offender in this case is (32). The Defendant Watson has a Criminal History category of VI (six) automatically as a Career Offender, and pursuant to Amendment 506 (2005) commentary to section 4B1.1 of U.S.S.G. Watson's <u>new</u> sentencing range should properly be at 210-262 months. However, because the maximum imprisonment allowable under 21 U.S.C. 841(B)(1)(C) is twenty (20) years, the imprisonment range must be 210-240 months. The twenty (20) years in relevant part applies <u>more specifically</u> as a result of Amendment 506 of U.S.S.G. (2005) and its retroactive application as well as the instruction of U.S.S.G. commentary as set forth in section 5G1.1(c) of which allows for no more than a twenty (20) years maximum sentence under 21 U.S.C. 841 (B)(1)(C).

[Amendment 506, App. C is retroactively applicable. See U.S.S.G. 1B1.10(a),(c).]

Wherefore, the above listed caused petitioner seeks fully the applicability of Amendment 506 "retroactively" to his current sentence imposed by this honorable court.

Dated: Aug 21st, 2007

4.

## CERTIFICATE OF SERVICE

I, __JOHN W. WATSON__, hereby certify that I have served a true and correct copy of the foregoing to:

### THE OFFICE OF THE CLERK OF THE COURT
### 228 WALNUT STREET
### HARRISBURG, PA. 17108

Which is deemed filed at the time it was delivered to prison authorities for forwarding to the court, Houston v. Lack, 101 L.Ed 2d. 245 (1988), upon the court and parties to litigation and/or his/her attorney(s) ofrecord, by placing same in a sealed, postage prepaid envelope addressed to:

### CLERK OF THE COURT

United States District Court for the Middle District of Pa.

228 Walnut Street
Harrisburg, Pa. 17108

(A total of three (3) copies are enclosed) and deposited same in the United States Postal Mail at the United States Penitentiary at Canaan (Waymart Pa.)..

Signed On this 23rd day of Sept, 2007.

Most Respectfully Submitted,

-JOHN WILLIAM WATSON

/s/ John W. Watson

THE OFFICE OF THE CLERK OF COURT
(HONORABLE JUDGE YVETTE KANE)
228 WALNUT STREET........
HARRISBURG, PENNSYLVANIA.
17108

U.S. POSTAGE
PAID
WAYMART, PA
18472
SEP 25, 07
AMOUNT
$0.00
00029712-06

17108

Legal Mail

JOHN W.
U.S.P.,
P.O. BOX 300
WAYMART, PA. 18472

7004 1160 0005 2327 1621

Legal Mail