IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : Case No. 1:00-CR-119 |
| v. | : |
| | : (Chief Judge Kane) |
| JOHN W. WATSON, | : |
| | : |
| Petitioner | : |

## ORDER

Before the Court is Petitioner's "petition to reduce sentence pursuant to Amendment 506 of U.S.S.G. (Retroactively Applicable)" and motion to proceed in forma pauperis. (Doc. Nos. 307, 308.) Under Rule 4(b) of the Federal Rules Governing § 2255 Cases, this Court is obligated to promptly examine a petition for a writ of habeas corpus, and dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." In this case, the petition must be dismissed as a "second and successive" petition,[1] see 28 U.S.C. §§ 2255, 2244; In re Olabode, 325 F.3d 166, 169-70 (3d Cir. 2003), or because the petitioner is not entitled to relief.[2]

---

[1] On February 28, 2005, after convening an evidentiary hearing on Petitioner's claims, this Court denied a petition for writ of habeas corpus. (Doc. No. 285.) On August 18, 2005, the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability under 28 U.S.C. § 2253(c)(1). (Doc. No. 305.)

[2] Petitioner argues that Amendment 506 to the United States Sentencing Guidelines retroactively lowered his applicable sentencing range. In support of his petition, he cites to an unpublished decision of the Eleventh Circuit, United States v. Dailey, No. 06-10558, 2006 U.S. App. LEXIS 13905 (11th Cir. June 6, 2006). In that case, the Eleventh Circuit stated that:

> Guidelines Amendment 506 clarified the policy against double-counting and unwarranted disparities associated with the exercise of prosecutorial discretion when "seeking enhanced penalties based on prior convictions." See U.S.S.G. App. C, Amendment 506 (2005)

**ACCORDINGLY**, on this 1st day of November, 2007, upon due consideration by the Court, **IT IS HEREBY ORDERED THAT** the motion to proceed in forma pauperis (Doc. No. 308) is **GRANTED** and the petition for writ of habeas corpus (Doc. No. 307) is **DENIED**. **IT IS FURTHER ORDERED THAT** the Clerk is **DIRECTED** to notify the Petitioner pursuant to Rule 4(b) of the Federal Rules Governing § 2255 Cases.

        S/ Yvette Kane
        Yvette Kane, Chief Judge
        United States District Court
        Middle District of Pennsylvania

---

[sic]. This amendment addressed a change to the application notes for U.S.S.G. § 4B1.1, which addresses the career criminal enhancement. *See id.*

Dailey, 2006 U.S. App. LEXIS 13905, at *4. Although the Court recognizes the ambiguity in the Eleventh Circuit's opinion, the United States Sentencing Guidelines Commission did not enact Amendment 506 on November 1, *2005*; rather, the Commission enacted Amendment 506 on November 1, *1994*. See U.S.S.G. App. C, amend. 506.