IN THE UNITED STATES DISCTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

JOHN WILLIAM WATSON　　　　　　*
　　Petitioner
　　　　　　　　　　　　　　　　*

VS.　　　　　　　　　　　　　　*　　CRIMINAL DOCKET NUMBER
　　　　　　　　　　　　　　　　　　100-CR-119-03
　　　　　　　　　　　　　　　　*　　Honorable Judge Y. Kane

UNITED STATES OF AMERICA　　　　*

*　*　*　*　*　*　*　*　*

AFFIDAVIT IN SUPPORT OF REQUEST TO ISSUE
CERTIFICATE OF APPEALABILITY

I, John William Watson, do hereby submit the following in support of my request for the issuance of a Certificate of Appealability (COA) to permit the appeal of the order dated November 1, 2007, by the District Court recharacterizing my petition for re-sentencing as "second or successive" 2255 motion and denying same.

I.　BACKGROUND

On or about July of 2007, Petitioner Watson filed a contemporaneous motion before teh District Court seeking a reduced sentence pursuant to Amendment 506 of the United States Sentencing Guidelines ("USSG") of November 1, 1994, which has been "clarified" as recently as November 1, 2005. Petitioner moved before the District Court pursuant to 18 U.S.C. § 3582(c)(2) which empowers the District Court to modify a defendant's sentence that would otherwise be final when an amendment is a "clarification", rather than an "alteration" of existing law, then it should be used in interpreting the provision in question "retroactively". The District Court in its reasoning <u>denied</u> said petition as the Court stated that: "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief", also "in this case, the Petition

1

must be dismissed as a "second and successive petition." [See order by District Court, dated November 1, 2007] The District Court committed procedural error in that it recharacterized defendant's petition as "second and successive" 28 U.S.C. § 2255.

## II. ARGUMENTS

1. Petition was improperly characterized as "second and successive 2255 motion.

2. Even providing the Court in good faith determined petition to be a "second and successive" motion, Court did not follow proper notice procedures and robbed the Petitioner of the opportunity to withdara that petition as submitted and to subsequently re-submit the petition with clarifications.

3. The petition is in fact, properly deemed a "resentencing" petition pursuant to 18 U.S.C. § 3582(c)(2).

4. Petition Watson argues that the District Court was improper in its decision to recharacterize petitioner Watson's motion as "second and successive" 28 U.S.C. § 2255 petition in as much that the District Court should have given movant notice of its intent to recharacterize his motion as one to vacate, and an opportunity to supplement or amend the motion to the extent permitted by law to reflect all grounds for post-conviction relief that he wished to raise. See U.S. v. Emmanuel, 288 F.3d 644 (4th Cir. 2002). The court of appeals stated that: "the notice to the movant shall set a reasonable amount of time for the prisoner to respond to the Court's proposed "recharacterization" and shall advise the petitioner that failure to respond within the time set forth by

the court will result in the original motion being recharacterized as a "second and successive" 2255 petition. See <u>U.S. v. Raineri</u>, 233 F.3d 96 (1st Cir. 2000). "When a District Court, acting sua sponte, converts a post conviction motion filed under some other statute or rule into a 2255 motion to vacate, set aside or correct sentence without <u>notice</u> and an opportunity to be heard, or the pleader's informed consent, the "recharacterized" motion ordinarily will not count as a "first" habeas petition sufficient to trigger the gatekeeping requirements of Antiterrorism Effective Death Penalty Act of 1996 (AEDPA) with respect to "second or successive petitions," also see <u>Mason v. Meyers</u>, 208 F.3d 414 (3rd Cir. 2000) "District Court's orders had to be vacated and remanded based on failure to advise pro-se petitioner of options for proceeding with petition. (vacated and remanded)  Also see <u>U.S. v Miller</u>, 197 F.3d 644 (3rd Cir 1999), the Third Circuit of Appeals held that: District Court could not "recharacterize" motions as single motion attacking sentence, hereby effectively barring him from later filing a full-fleged collateral attack on his conviction, without providing him with notice, as set forth, regarding effect of "recharacterization." (vacated and remanded)

### III. CONCLUSION

WHEREFORE, Petitioner respectfully requests that the District Court grant Petitioner's motion seeking issuance of Certificate of Appealability in light of the afroementioned argument, presented case law in support of these arguments and this memorandum as set forth by the Petitioner.  Also, allow the Petitioner to be afforded the opportunity to resubmit his Amendment 506 petition submitted

pursuant to 18 U.S.C. § 3582(c)(2) dated June 2, 2008.

Respectfully Submitted,

*[signature: John W. Watson]*

John William Watson
Reg. No. 10075-067
F.C.I. (Low) Ft. Dix
P.O. Box 2000
Fort Dix, NJ 08640

4

IN THE UNITE  STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

CERIFICATE OF SERVICE

I,John William Watson,pro se,hereby certify that on this 3rd day of June,2008 I have served one (1)one copy of original petition upon the followong paries:

AUSA WILLIAM A BEHE esq.
228 Walnut Street
HARRISBURG, PA. 17108

Date: June 3, 2008

Respectfully Submitted,

X_____
JOHN WIILLIAM WATSON, PRO SE
F.C.I.-FT. DIX (Low)
P.O. BOX 2000
Fort Dix, NJ.   08640



Envelope:

From:
JOHN WILLIAM WATSON #10075-067
F.C.I.-FORT DIX (Low)
P.O. BOX 2000
FORT DIX, NEW NEW JERSEY   08640

CERTIFIED MAIL
7007 3020 0000 1184 7059

To:
THE OFFICE OF THE CLERK OF COURT
(HON. JUDGE YVETTE KANE)
228 WALNUT STREET......
HARRISBURG, PA.   17108

LEGAL-MAIL
LEGAL-MAIL

Date: June