# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | No. 1:00-CR-00119 |
| --- | --- | --- |
| v. | : | (Chief Judge Kane) |
| JOHN WILLIAM WATSON, Petitioner | : | |

## MEMORANDUM ORDER

**THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:**

On January 23, 2001, Petitioner John Watson was found guilty of violating 21 U.S.C. § 841(a)(1). (Doc. No. 179.) On April 24, 2001, Watson was sentenced to a 360 month term of imprisonment and ordered to pay a $100 special assessment and $2,000 fine. (Doc. No. 198 at 4.) The $2,100 monetary penalty was made due in a lump sum payable at the time of judgment, but also made "payable during the period of incarceration, with any balance to be paid within five years of the defendant's release from custody." (Id. at 5.) No specific schedule of payments for the period during or after Watson's incarceration was made by the Court.

Presently pending before the Court is Watson's "Motion to Request Order and Mandate for Fines." (Doc. No. 339.) Watson does not identify any particular statute or basis for relief in his motion. Instead, he asserts that the Bureau of Prisons' ("BOP") unit team has increased the fees levied against him every six months for the past three years. (Id. at 2.) Watson seeks to have his fees reduced from $100 to $25 per quarter in order to satisfy his monetary penalty. (Id.)

The Court first considers whether Watson is attempting to seek an adjustment of payment

1

schedule pursuant to 18 U.S.C. § 3572(d)(3).[1] Upon review of the motion, it appears that Watson does not allege a change in financial circumstances, therefore his claim cannot be made pursuant to § 3572(d)(3). Instead, Watson is asserting that the fee increases imposed by the BOP are unduly burdensome. (Doc. No. 339 at 1-2.) If there has been no material change in Watson's economic circumstances, there is no basis for relief pursuant to a motion for adjustment of payment schedule pursuant to § 3572(d)(3). Moreover, Watson's motion is not cognizable under the statute because the terms of § 3572(d)(3) appear to apply only to installment orders, and the Court ordered payment due immediately in a lump sum, without providing for installment payments.[2]

It appears that Watson's desired relief may be best garnered through a § 2241 petition for habeas corpus against the BOP. See McGee v. Martinez, ___ F.3d ___, 2010 WL 4911353 at *3 (3d Cir. 2010); United States v. Diggs, 578 F.3d 318 (5th Cir. 2009); Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002) (ruling that an inmates' challenges to payment schedules set by the BOP are correctly framed as § 2241 claims). A petitioner must exhaust his administrative remedies prior to bringing a § 2241 petition, but it is unclear from the face of the petition

---

[1] Title 18 U.S.C. § 3572(d)(3) provides:

A judgment for a fine which permits payments in installments shall include a requirement that the defendant will notify the court of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay the fine. Upon receipt of such notice the court may, on its own motion or the motion of any party, adjust the payment schedule, or require immediate payment in full, as the interests of justice require.

[2] See United States v. Wynn, 328 F. App'x. 826, 828 (3d Cir. 2009) ("[Section 3572(d)(3)] by its terms does not apply where the fine is due immediately and in a lump sum.")

2

whether Watson has sought administrative relief from the BOP. See Callwood v. Enos, 230 F.3d 627, 634 (3d Cir. 2000) (finding that exhaustion is required prior to bringing § 2241 petition). Notwithstanding his failure to allege exhaustion, the Court cannot simply adjudicate Watson's motion as a habeas corpus petition because the Court lacks jurisdiction over such a claim. A § 2241 petition must be filed in the district in which the prisoner is confined, and Watson is currently incarcerated in New Jersey. Rumsfeld v. Padilla, 542 U.S. 426, 442-43 (2004); (Doc. No. 339 at 2, 3.) Thus, the Court cannot exercise jurisdiction over Watson's motion and it must be dismissed.[3]

**ACCORDINGLY**, on this 6th day of January 2011, **IT IS HEREBY ORDERED** that Watson's Motion to Request Order and Mandate for Fines (Doc. No. 339) is **DENIED** without prejudice.

    S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania

---

[3] The Court acknowledges that, it in the interests of justice, improperly filed petitions for habeas corpus may be transferred to the proper jurisdiction. 28 U.S.C. § 1631. The Court finds that the interests of justice are not served by transferring the motion to the District of New Jersey at this time. Dismissing the claim without prejudice will allow Watson to exhaust administrative remedies, if he has not already done so, or to plead that he has exhausted, and to reframe his claim so that relief is cognizable under § 2241 if that is his intended result.

3